QUESTION: Is the activity of requesting passersby to sign initiative petitions proposing an amendment to the State Constitution within 100 yards of a polling place, but more than 15 feet from a polling place, on the day of an election prohibited by s. 104.36, F. S.?
SUMMARY: The solicitation, on an election day, of signatures on forms petitioning for the submission of a proposed constitutional amendment at a future election at locations within 100 years of a polling place is not prohibited by s. 104.36, F. S. I have assumed for the purpose of this opinion that the activity about which inquiry is made would be limited to soliciting passersby on election day within 100 yards of a polling place to sign forms petitioning for the submission of a proposed constitutional amendment at a future election. I have assumed further that such petition forms will be made available for signature at the site of the solicitation, that upon such forms being signed same will be retained by the persons soliciting the signatures, and that no distribution of such forms for signature at a later date or other place will be made within 100 yards of a polling place. Section 104.36, F. S., reads as follows, in pertinent part: On the day of any election it shall be unlawful for any person to distribute any political pamphlets, cards or literature of any kind, or solicit votes, or approach any elector in an attempt to solicit votes within 100 yards of any polling place. . . . The statute prohibits three specific activities within the 100-yard zone: the solicitation of votes, the attempted solicitation of votes, and the distribution of "any political pamphlets, cards or literature of any kind." And it is clear from the following language of AGO 073-377 that s. 104.36, F. S., does not impliedly prohibit any other activities: Section 104.36, F. S., is a penal or criminal law and as such it is to be strictly construed. The only specified prohibited activities within 100 yards of any polling place are the distribution of political pamphlets, cards, or political literature of any kind and the solicitation of votes or attempts to solicit votes. From the language used in s. 104.36, it is impossible for anyone to consider that the legislature intended to imply that any other activity within the 100 yard area should also be prohibited. Except for the specifically enumerated activities, all other implied activities are excluded under the legal doctrine expressio unius est exclusio alterius, and it would be impossible to apply the provisions of s. 104.36, supra, against an individual participating in activities not otherwise prohibited within 300 feet of a polling place, but beyond 15 feet therefrom. While the inquired-about activity obviously involves a solicitation, it is a solicitation of signatures, not of votes. The signature of such a petition does not constitute a vote in favor of the proposition advocated by the petition, nor does the act of signing such a petition obligate the signer to vote in favor of the proposition when and if it is ultimately placed on a ballot. Accordingly, I am of the opinion that the activity about which you inquire is not one which is prohibited by s. 104.36, F. S.